IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

L. RUTHER,

    Plaintiff,

v.                                                           Civil Action No. 5:14-CV-73

RANDALL ANDERSON, et al.,

    Defendants.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On December 23, 2013, the *pro se* Plaintiff filed a complaint in the United States District Court for the Southern District of West Virginia.[1] On February 10, 2014, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis*.[2] On March 31, 2014, Plaintiff filed a motion requesting a phone hearing and jury trial.[3] On April 22, 2014, United States Magistrate Judge Dwane L. Tinsley held a telephone status conference with Plaintiff.[4] Subsequently, on April 29, 2014, Judge Tinsley recommended that the case be transferred to the United States District Court for the Northern District of West Virginia.[5] On May 28, 2014, United States District Judge Thomas E. Johnston ordered Plaintiff's action to be transferred to this district.[6]

On June 20, 2014, United States District Judge Frederick P. Stamp ordered the undersigned

---

[1] ECF No. 1.

[2] ECF No. 3.

[3] ECF No. 4.

[4] ECF No. 6.

[5] ECF No. 8.

[6] ECF No. 9.

to review Plaintiff's civil action and complaint.[7] Since, Plaintiff has filed multiple motions, requesting a jury trial, to serve summons, and requiring damages.[8]

### III. ANALYSIS

A district court should construe *pro se* complaints liberally, no matter how unskillfully pleaded. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). "Principles requiring generous construction of pro se complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "Even in the case of *pro se* litigants, [court's] cannot be expected to construct full blown claims from sentence fragments . . . ." *Id.* "Although the pleading requirements are construed liberally, '[l]iberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader." *Minone v. McGrath*, 435 F.Supp. 2d 266 (S.D.N.Y. 2006) (quoting 2 MOORE'S FEDERAL PRACTICE § 12.34[1][b], at 12-60 (3d ed)).

Plaintiff's present complaint and motions are incomprehensible, ambiguous, and vague. It appears that he contends that, in some undeterminable location, a car accident occurred, resulting in an unintelligible injury. ECF No. 1. The law cited by the Plaintiff does not support a cause of action. In Plaintiff's complaint, the sole legal authority cited appears to be the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The remainder of the complaint suggests a demand for a jury trial and various damages. Supplemental motions filed by Plaintiff appear to renew his request for a jury trial, permission to serve summons, and various damages. As such, Plaintiff's complaint is fragmented, incoherent, and does not assert sufficient

---

[7] ECF No. 12.

[8] ECF Nos. 16, 17, 18, and 19.

factual allegations which would give rise to a valid basis for relief which this Court has the authority to grant.[9]

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Plaintiff's Complaint, ECF No. 1, be **DENIED AS UNINTELLIGIBLE** and dismissed from the docket. Accordingly, the undersigned recommends that the Plaintiff's remaining motions, ECF Nos. 3, 4, 16, 17, 18, and 19, be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985): *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

---

[9] The undersigned notes that in nearly every complaint or motion filed by Plaintiff, it appears that Plaintiff represents a different home address. In Plaintiff's original complaint, he represents that he resides in Orlando, Florida. ECF No. 1. In Plaintiff's motion for a phone hearing, he represents that he lives in "Huntsvil TX" [sic]. ECF No. 4. In Plaintiff's motion to serve summons, he represents that he lives in "Manas VA" [sic]. ECF No. 16. In Plaintiff's October 15, 2014, motion, he represents that he lives in "Fayet GA" [sic]. ECF No. 18. Lastly, in Plaintiff's December 9, 2014, motion, he represents that he again lives in Orlando, Florida. ECF No. 19.

DATED: January 7, 2015				/s/ *James E. Seibert*
							JAMES E. SEIBERT
							UNITED STATES MAGISTRATE JUDGE