IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

L. RUTHER,

    Plaintiff,

v.                                        Civil Action No. 5:14CV73
                                                               (STAMP)

RANDALL ANDERSON,
VICKI ANDERSON and
STATE FARM MUTUAL AUTO INSURE CO.

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION**

I. Background

This case was originally filed by the pro se[1] plaintiff in the United States District Court for the Southern District of West Virginia. Subsequently, the plaintiff filed a motion to proceed in forma pauperis ("IFP") and a motion for a phone hearing and jury trial. A telephone status conference was then held by United States Magistrate Judge Dwane L. Tinsley which resulted in a recommendation that the case be transferred to the this Court. United States District Court Judge Thomas E. Johnston then transferred the action to this Court.

In his complaint, the plaintiff contends that he was injured in a car accident. The remainder of the complaint addresses a demand for a jury trial and various damages. The plaintiff also

---

[1] Pro se – "One who represents oneself in a court proceeding without the assistance of a lawyer." Black's Law Dictionary 1416 (10th ed. 2014).

filed supplemental motions which request a jury trial, permission to serve summons, and various damages.

This Court referred the action to United States Magistrate Judge James E. Seibert. The magistrate judge found that the plaintiff's complaint is incomprehensible, vague, and ambiguous. Additionally, the magistrate judge found that the Equal Protection clause of the Fourteenth Amendment of the United States Constitution, cited by the plaintiff, does not support his cause of action. Based on the fragmented complaint and motions by the plaintiff, the magistrate judge found that the plaintiff has not set forth a valid basis for relief which this Court has the authority to grant. The magistrate judge also noted in a footnote that the plaintiff has provided several different addresses throughout his pleadings. Finally, the magistrate judge informed the plaintiff that objections to the report and recommendation must be field within 14 days after service of the report and recommendation and that failure to do so would result in a waiver of the right to appeal.

The plaintiff then filed a motion requesting that the magistrate judge recuse himself. In his motion, the plaintiff appears to reiterate that he is due a jury trial, has been injured, and is due damages pursuant to the Fourteenth Amendment. Further, the plaintiff appears to be requesting a phone hearing to "tell court person injury loss value" in that motion.

Thereafter, the magistrate judge entered an order denying plaintiff's motion for recusal finding that the plaintiff had not alleged any circumstances that would require the magistrate judge's recusal. Additionally, the magistrate judge found that the plaintiff had failed to present any evidence that the magistrate judge's judgment may be biased. The magistrate judge informed the plaintiff that objections to the order must be filed within 14 days after the plaintiff was served with the order and that failure to do so would result in a waiver of the right to appeal.

A review of the docket report shows that the plaintiff received the magistrate judge's report and recommendation on January 15, 2015 and that he has failed to object to that order within 14 days. Additionally, the docket report shows that the magistrate judge's order denying the plaintiff's motion for recusal was received on February 2, 2015 and that objections to that order have not been filed.

For the reasons that follow, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

## II. Discussion

As there were no objections filed to the magistrate judge's recommendation, the findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Further, this Court is not inclined to review the

magistrate judge's order denying the plaintiff's motion for recusal as the plaintiff failed to file objections to that order.

Pro se complaints are to be "liberally construed." See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, "a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" Weller v. Dep't of Soc. Servs. for City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990) (citing Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985), cert. denied, 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 729 (1986)). Thus, a district court is not required to "transform [itself] . . . into an advocate. Only those questions which are squarely presented to a court may properly be addressed." Id.

As the magistrate judge noted, the plaintiff's complaint and motions are unintelligible. Further, the law cited by the plaintiff, the Equal Protection Clause of the Fourteenth Amendment, does not support the plaintiff's allegations that he was injured in a car accident. Finally, the allegations fail to show that this Court even has jurisdiction over this action as the plaintiff failed to provide a determinable location where the accident occurred or a determinable location where he received any medical attention for his alleged, yet unintelligible injuries.

The plaintiff's complaint and motions thus fail even when liberally construed by this Court. As stated above, this Court is not required to become an advocate for the plaintiff. In this

case, the Court would have to construe the complaint in such a way as to take on the role of an advocate and thus, this action may not proceed further. Therefore, the magistrate judge's finding that the plaintiff's complaint should be dismissed was not clearly erroneous or contrary to law.

III. Conclusion

Accordingly, after a review for clear error, the report and recommendation (ECF No. 20) of the magistrate judge is AFFIRMED and ADOPTED in its entirety. The plaintiff's pending motions are therefore DENIED AS MOOT. (ECF Nos. 3, 4, 16-19). It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and by certified copy to the pro se plaintiff. Pursuant to Federal Rule of Civil

Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 2, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE